IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| R. KIMBALL MOSIER,<br><br>Plaintiff,<br><br>vs.<br><br>CALLISTER, NEBEKER, & McCULLOUGH, ET AL.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case Nos. 2:06-CV-677 TS,<br>2:07-CV-55 TS |

This matter is before the Court on Plaintiff's Motion to Remand,[1] Defendants' Motion to Withdraw Bankruptcy Reference,[2] Defendants' Motion to Consolidate,[3] and Plaintiff's Rule 56(f) Motion.[4]

---

[1] Docket No. 11, Case No. 2:06-CV-677 (docket numbers relate to Case No. 2:06-CV-677 unless otherwise noted).

[2] Docket No. 4, Case No. 2:07-CV-55.

[3] Docket No. 65.

[4] Docket No. 88.

1

## I.  INTRODUCTION

Defendants provided legal representation for the National School Fitness Foundation ("NSFF"), a charitable organization which provided physical fitness programs and equipment to schools across the United States, and School Fitness Systems ("SFS"), a for-profit company organized to sell NSFF's programs and equipment.  Schools would acquire programs and equipment by entering into non-recourse leases with institutional lenders.  NSFF would then enter into agreements with schools to pay the schools' lease obligations to the lenders.  NSFF and SFS entered bankruptcy in mid- to late 2004 after they could not meet their various obligations with the schools.  The bankruptcy case is currently proceeding under Bankruptcy No. 04-28808 JAB ("the bankruptcy case").

On February 24, 2005, Defendants filed a proof of claim in the bankruptcy case for alleged unpaid attorneys' fees.  On May 30, 2006, Plaintiff filed this case as an action against Defendants in state court ("the legal malpractice action").  Plaintiff alleged therein that, prior to bankruptcy, Defendants improperly enabled NSFF to falsely represent to vendors that NSFF was a 501(c)(3) tax-exempt entity, and that NSFF was otherwise able to perform its obligations under existing and new contracts through donations and grants to NSFF.  Plaintiff further alleged that Defendants' actions or failures to act resulted in an outstanding obligation of $22,000,000 by NSFF to various schools and other vendors.  Plaintiff brought claims of professional negligence, breach of fiduciary duty, vicarious liability, and breach of the covenant of good faith and fair dealing.  Also on May 30, 2006, Plaintiff filed an objection to Defendants' proof of claim in the bankruptcy case.  In its objection, Plaintiff asserted a set-off defense, and alleged that Defendants' legal malpractice precluded Defendants' proof of claim.

Defendants subsequently removed the legal malpractice action to this Court, citing 28 U.S.C. §§ 1452, 1441, 1334 and Rule 9027 of the Federal Rules of Bankruptcy Procedure as bases for federal jurisdiction.  A hearing for Plaintiff's claim objection was subsequently set for June 7, 2007, in the bankruptcy case.

Plaintiff now argues that the legal malpractice action should be remanded to state court.  Defendants oppose Plaintiff's Motion to Remand, and assert that this Court should withdraw the reference in the bankruptcy case in order to address the legal malpractice issue.  Accordingly, Defendants move to consolidate the legal malpractice action and the bankruptcy case as to the legal malpractice issue.  Defendants have also filed four motions for summary judgment in the legal malpractice action.  In response, Plaintiff has made a motion for denial or continuance under Fed. R. Civ .P. 56(f).

## II.  DISCUSSION

*A.  Plaintiff's Motion to Remand the Legal Malpractice Action*

Plaintiff makes several arguments as to why the legal malpractice action should be remanded to state court.  First, Plaintiff asserts that 28 U.S.C. § 1334 does not provide the basis for federal jurisdiction in this matter.  Second, Plaintiff argues that, pursuant to 28 U.S.C. § 1334(c)(2), this Court is required to abstain from this action.  Third, Plaintiff argues that the Court should abstain from this action upon equitable grounds.  Finally, Plaintiff asserts that he is entitled to attorneys' fees related to its motions.  Defendants oppose Plaintiff's arguments in all respects.

1.  28 U.S.C. § 1334 and "Related To" Jurisdiction

Plaintiff argues that the Court does not have subject matter jurisdiction in this action under 28 U.S.C. § 1334.  Section 1334 of Title 28 provides that the United States District Courts have "original but not exclusive" jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[5]  Plaintiff specifically argues that the legal malpractice action, which involves "non-core" causes of action, is not sufficiently related to the bankruptcy action to confer subject matter jurisdiction.  Plaintiff cites *In re ACI-HDT Supply Co.*,[6] for the proposition that state law claims involving the pre-petition conduct of non-debtors does not fall within non-core or "related to" federal jurisdiction.

Defendants argue that Plaintiff's causes of action are related to the bankruptcy action because they involve what could be the largest asset in the bankruptcy estate, namely the $22 million in alleged damages.  Defendants cite several cases and argue that the majority of circuits, including the Tenth Circuit, has held that a civil action is "related to" a bankruptcy case if the outcome of the civil action could conceivably have any effect on the bankruptcy estate.[7]  Defendants, citing *Celotex Corp. v. Edwards*,[8] also argue that the Supreme Court has recognized

---

[5] 28 U.S.C. § 1334(b).

[6] 205 B.R. 231, 234-35 (Bankr. Fed. App. 1997).

[7] *See, e.g.*, *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) ("The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."); *accord In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984); *In re Hudson Oil*, 68 B.R. 735, 741 (D. Kan. 1986) (retaliatory discharge action against trustee properly removed as relating to bankruptcy where trustee was defendant and estate might be liable for attorney fees).

[8] 514 U.S. 300, 308 (1995).

that the words "related to" imply a broad grant of jurisdiction.  Finally, Defendants cite several cases for the proposition that lawsuits in which the debtor is a party, or which involve property of the estate, are "related to" the bankruptcy estate.[9]  Defendants argue that NSFF—a debtor in the bankruptcy action—is a party to this case, and that its purported claims against Defendants became property of the bankruptcy estate when the bankruptcy was commenced.  Defendants also argue that the *In re ACI-HDT Supply Co.* case is inapposite because, in that case, no debtor was a named party to the action, and there was no evidentiary record developed to show that the state law claims would have any effect on the bankruptcy estate.

The Court finds that Plaintiff's causes of action are clearly related to the bankruptcy action.  Defendants correctly articulate the correct rule in the Tenth Circuit, namely, that a civil action is "related to" a bankruptcy case if the outcome of the civil action could conceivably have any effect on the bankruptcy estate.  Here, the amount Plaintiff seeks to recover—$22 million—would clearly have an effect on the bankruptcy estate.  Furthermore, Defendants correctly distinguish the case of *In re ACI-HDT Supply Co.* from this action.  Here, unlike in that case, a debtor is a named party, and Plaintiff's claims would have an effect on the bankruptcy estate.  Accordingly, federal subject matter jurisdiction exists in this case under 28 U.S.C. § 1334.

---

[9]*See, e.g.*, *Celotex*, 514 U.S. at 308; *Gardner*, 913 F.2d at 1518; *Pacor*, 743 F.2d at 994; *Thomas v. R.J. Reynolds Co.*, 259 B.R. 571, 575 (W.D. Miss. 2001); *Allen v. City Finance Co.*, 224 B.R. 347, 351-52 (S.D. Miss. 1998); *Hatcher v. Lloyd's of London*, 204 B.R. 227, 230 (S.D. Ala. 1997).

2. Mandatory Abstention

Plaintiff also argues that this Court is required to abstain from hearing this action under 28 U.S.C. § 1334(c)(2). This section provides that

> [u]pon a timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11 but not arising under title 11 . . . with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.[10]

Plaintiff correctly argues that its Complaint is entirely based on state law, and that the legal malpractice action could not have been commenced in federal court, absent relation to the underlying bankruptcy action. Plaintiff further concludes that this action could be timely adjudicated in state court.

Defendants, in contrast, argue that Plaintiff has never made a timely motion for mandatory abstention. Defendants also point out that there is a split of authority as to whether the mandatory abstention provisions of § 1334(c)(2) apply to removed cases.[11] Defendants contend that this Court should follow the line of authority which rejects the application of mandatory abstention to removed cases.

---

[10]28 U.S.C. 1334(c)(2).

[11]*Compare, e.g.*, *In re Midgard Corp.*, 204 B.R. 764, 774 (B.A.P. 10th Cir. 1997); *and Abadie v. Poppin*, 154 B.R. 86, 89 (D. Cal. 1993) (holding mandatory abstention applicable to removed cases) *with Sec. Farms v. Int'l Bhd. of Teamsters*, *Chauffeurs, Warehousemen and Helpers*, 124 F.3d 999, 1009-10 (9th Cir. 1997); *Manges v. Atlas*, 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994); *Fedders North America, Inc. v. Branded Products, Inc.*, 154 B.R. 936, 944 (Bankr. W.D. Tex. 1993); *Paul v. Chem. Bank*, 57 B.R. 8, 11-12 (Bankr. S.D.N.Y. 1985) (holding mandatory abstention inapplicable).

The Court finds that abstention is not required here.  In the exercise of caution, the Court construes Plaintiff's Motion to Remand as sufficient to satisfy the requirements of 28 U.S.C. 1334(c)(2).  Also, as a preliminary matter, the Court finds that mandatory abstention is applicable to removed cases.  In the case of *In re Midgard Corp.*, the Tenth Circuit Bankruptcy Appellate Panel adopted the majority position that abstention is applicable to removed cases.[12]  While not binding on this Court, the Court considers the Bankruptcy Appellate Panel's position and underlying reasoning in *In re Midgard Corp.* to be very persuasive.  Therefore, Defendants' argument that abstention is automatically precluded in this case because it was removed from state court is not convincing.

However, despite this finding, the *In re Midgard Corp.* case clearly sets forth that, for the purposes of mandatory abstention, an action must be capable of timely adjudication in state court, and that the party seeking abstention has the burden of proving timely adjudication.[13]  Plaintiff here has set forth no argument and no evidence, other than in conclusory terms, indicating how or why this action is capable of timely adjudication in state court.  Accordingly, the Court finds that Plaintiff has not met his burden in showing that this action is capable of timely adjudication in state court.  The Court further finds that, in light of the current procedural posture of the legal malpractice action before this Court—discovery having commenced, dispositive motions filed, and a pending motion to withdraw the bankruptcy reference—as well as the importance of resolving this action to facilitate the administration of the bankruptcy action,

---

[12] 204 B.R. at 774.

[13] *Id.* at 778.

timely adjudication in state court is not possible at this point.[14]  Accordingly, the Court finds that it is not required to remand this case pursuant to § 1334(c)(2).

      3.  Equitable Abstention

Plaintiff also argues that the Court should exercise equitable abstention to remand the legal malpractice action.  Under 28 U.S.C. § 1452(b), "[t]he Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  Plaintiff specifically argues that equitable grounds exist for remand because Plaintiff has a right to a jury trial, this action deals with state law, and because the Third District Court of the State of Utah is a convenient and appropriate forum for all parties.

Defendants argue that equitable abstention is not appropriate because Plaintiff is not prejudiced by litigating in federal court, and because there are no complex or unsettled questions of state law best resolved by the state courts.

The Court agrees with Defendants.  The Court sees no convincing reason as to why it should exercise its discretion to remand this action to state court under 28 U.S.C. § 1452(b).  Plaintiff's right to a jury trial is not affected by a this Court's decision not to remand this action.  Accordingly, the Court will not remand this action under principles of equitable abstention.

      4.  Waiver of the Right to Remand

The parties have, through supplemental memoranda, addressed the issue of waiver of the right to remand.  More specifically, Defendants in this action argue that Plaintiff has waived his right to seek remand by actively litigating the malpractice claim in this Court and the Bankruptcy

---

[14]*Id.* at 778-79 (setting forth potential factors to consider in determining whether to allow a case to proceed in state court).

Court. Because the Court determines that remand is not appropriate for other reasons, the Court need not address the waiver issue.

     5. Attorney's Fees

Plaintiff asks for expenses it has incurred as a result of what it characterizes as improper removal. Plaintiff asserts that it is entitled to such under 28 U.S.C. § 1447(c), as well as Tenth Circuit case law. Because the Court will deny Plaintiff's Motion to Remand, the Court finds that Plaintiff is not entitled to attorneys' fees.

     *B. Motion to Withdraw Bankruptcy Reference in the Bankruptcy Action*

Defendants move to withdraw the reference in the bankruptcy case in order for this Court to hear and decide the legal malpractice issue which underlies Plaintiff's claim objection in that action. Plaintiff generally opposes Defendants' Motion.

District courts have jurisdiction over bankruptcy cases and proceedings,[15] and refer bankruptcy cases and proceedings to bankruptcy courts.[16] A district court may withdraw the reference to hear and decide a matter, including a contested claim objection, for "cause shown."[17] In considering whether a withdrawal of the reference is appropriate, the court looks to the following factors: whether the claim is a core proceeding,[18] judicial economy, convenience, the particular court's knowledge of the facts, uniformity and efficiency of bankruptcy administration,

---

[15] 28 U.S.C. § 1334.

[16] 28 U.S.C. § 157(a).

[17] 28 U.S.C. § 157(d); *In re 131 Liquidating Corp.*, 222 B.R. 209, 211-13 (S.D.N.Y. 1998). "Cause" is not defined under the statute.

[18] *In re Leedy Mort. Co., Inc.*, 62 B.R. 303, 306 (E.D. Pa. 1986).

reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial.[19]

Defendants make several arguments to support their Motion to Withdraw the Bankruptcy Reference. First, Defendants argue that they are entitled to a jury trial as to the non-core claims, including legal malpractice, and that, pursuant to Tenth Circuit case law, a bankruptcy court cannot conduct a jury trial.[20] Defendants contend that the Bankruptcy Court's inability to conduct a jury trial where the parties are entitled to such constitutes cause for the removal of the legal malpractice issue in the bankruptcy action to this Court. In the same vein, Defendants argue that, to the extent that the legal malpractice issue in the bankruptcy action may be characterized as core, as opposed to non-core, this characteristic is irrelevant. More specifically, Defendants quote *In re Concept Clubs, Inc.*[21] for the proposition that "regardless of whether the matter is core, or non-core, the district court must conduct the jury trial if it is required by the Seventh Amendment."[22]

Second, Defendants assert that withdrawal would facilitate judicial economy, conservation of resources, uniformity, and efficiency because the legal malpractice claim is already before this Court, and because malpractice issues are not normally addressed by the

---

[19] *In re Sevko, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992).

[20] *See In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990) ("Where the seventh amendment requires a jury trial to be held in bankruptcy, that trial must take place in the district court, sitting in its original jurisdiction in bankruptcy.").

[21] 154 B.R. 581 (D. Utah 1993).

[22] *Id.* at 585.

Bankruptcy Court.  Defendants cite to the case of *In re Leedy Mortgage Co., Inc.*,[23] where a district court in Pennsylvania withdrew a malpractice action—characterized as a set-off to the proofs of claim in a bankruptcy action—because it would require extensive discovery, a lengthy trial, witnesses, and the examination of issues not normally handled by courts in bankruptcy.[24] Defendants argue that similar circumstances exist here.

Finally, Defendants argue that withdrawal is necessary to prevent forum shopping by the Plaintiff.  Defendants contend that Plaintiff's efforts—including the seeking of remand, or, alternatively, to address the issue in Bankruptcy Court—constitute forum shopping.

Plaintiff makes several arguments in opposition to Defendants' Motion.  First, Plaintiff emphasizes that it is the actual claim objection which is at issue in Defendants' Motion.  Plaintiff argues that a claim objection is a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2), and that there is no right to a jury trial on a core proceeding.  Plaintiff cites several cases in support.[25] Next, Plaintiff asserts that judicial efficiency dictates that the claim objection should be determined in the Bankruptcy Court because the claim objection is plainly a core bankruptcy matter.  Also, Plaintiff argues that the Bankruptcy Court's determination of the claim objection will not result in any delay or additional expense.  Furthermore, Plaintiff asserts that Judge Boulden—the judge in the underlying bankruptcy case—has familiarity with the case.  Finally, Plaintiff contends that the Bankruptcy Court's determination of this issue will prevent forum

---

[23]62 B.R. 303 (E.D. Pa. 1986).

[24]*Id.* at 306.

[25]*See, e.g.*, *Langencamp v. Culp*, 498 U.S. 42, 44 (1990); *Katchen v. Landy*, 382 U.S. 323 (1966); *In re McClelland*, 332 B.R. 90, 95 (S.D.N.Y. 2005); *In re Leslie Fay Cos.*, 222 B.R. 718, 720 (S.D.N.Y. 1998).

shopping because Defendants have improperly sought to have issues relating to claims objections heard before this Court.

The Court finds that withdrawal of the reference would be appropriate here, and that Defendants have shown "cause," for several reasons. First, the Court finds that Defendants are entitled to a jury trial on the legal malpractice claim, and that, in this context, whether the proceeding is core or non-core is largely irrelevant.[26] In connection with this finding, the Court finds it troubling that, in his Motion to Remand memoranda, Plaintiff would assert a right to a jury trial on the issue of legal malpractice, and then, in its Opposition to Defendants' Motion to Withdraw the Bankruptcy Reference, turn about-face, and argue that Defendants are not entitled to a jury trial on the identical issue, merely because the issue relates to Plaintiff's claim objection in the bankruptcy action.

Second, even if this Court were to consider the core/non-core distinction, the outcome would not be different. It is true that the proceeding involving the claim objection is core. Nonetheless, the importance of this factor is minimized in this action. Importantly, while neither party has brought it to the Court's attention, the Court notes the following finding by the Bankruptcy Court pursuant to Plaintiff's Motion to Determine that [Plaintiff's] Objection to [Defendant's Proof of Claim] is a Core Matter: "[T]he *act* of set-off is a core matter. However, the underlying malpractice litigation is non-core."[27] Furthermore, whether Plaintiff here has an adequate set-off defense to sustain his core claim objection in the bankruptcy action is so intricately linked with the merits of the non-core malpractice claim in the legal malpractice

---

[26]*See, e.g.*, *In re Concept Clubs*, 154 B.R. at 585.

[27]Minute Entry, Feb. 5, 2007, Bankruptcy No. 04-28808 JAB (emphasis added).

action before this Court that the Bankruptcy Court could not adequately address the former without some decision on the merits of the latter.

Third, it is clear that "other factors here weigh heavily in favor of withdrawal of reference."[28] As Defendants point out, the malpractice claim is already before this Court, and adjudication of the issue here would readily facilitate judicial economy. Moreover, the malpractice claim will require proceedings and the adjudication of issues which are not regularly handled by the Bankruptcy Court. Furthermore, based on the extensive filings before this Court, the Court is confident that its understanding of the facts and issues in this action are at least equal to that of the Bankruptcy Court. Accordingly, because the relevant factors weigh in favor of withdrawal, the Court will grant Defendants' Motion, and withdraw the bankruptcy reference only as it relates to the issue of legal malpractice underlying Plaintiff's claim objection.

*C. Motion to Consolidate*

Defendants move for consolidation of the bankruptcy dispute related to Plaintiff's claim objection and the legal malpractice action before this Court under Fed. R. Civ. P. 42(a). Defendants assert that both matters present common questions of fact and law.

Plaintiff argues that consolidation should not take place as there is a pending Motion to Remand, and because the legal malpractice action can be resolved more efficiently in the Bankruptcy Court. More specifically, Plaintiff generally argues that the legal malpractice issue should be litigated in the Bankruptcy Court because it arose there initially, can be resolved more quickly and efficiently there, and because the Bankruptcy Court has a greater interest in the resolution of the issue.

---

[28] *In re Leedy Mort. Co.*, 62 B.R. at 306.

Fed. R. Civ. P. 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions."

The Court finds that consolidations of the actions, as they relate to the legal malpractice issue, is appropriate. Plaintiff's arguments are unconvincing. Because the Court will withdraw the bankruptcy reference, consolidation is appropriate under Fed. R. Civ. P. 42(a). The Court will, therefore, grant Defendants' Motion.

   *D.  Rule 56(f) Motion*

Defendants have filed four separate motions for summary judgment in the legal malpractice action.[29] Plaintiff moves for denial or continuance of the motions under Fed. R. Civ. P. 56(f).

Fed. R. Civ. P. 56(f) provides that

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as just.

---

[29]Each of Defendants' summary judgment motions relates to a single affirmative defense asserted by Defendants. Defendants' first motion for summary judgment (Docket No. 37) relates to the doctrine of *in pari delicto*. Defendants therein argue that Plaintiff (Trustee) has admitted that NSFF engaged wilfully and intentionally in a fraudulent scheme, and as such, regardless of Defendants' role in the fraudulent scheme, Plaintiff cannot recover. Defendants' second motion for summary judgment (Docket No. 39) relates to defenses of res judicata and judicial estoppel. Therein, Defendants argue that Plaintiff (Trustee) has admitted that he knew of the malpractice claim prior to NSFF's bankruptcy disclosures statement, but failed to disclose the claim in either the proposed plan of reorganization or disclosure statement. Defendants' third motion for summary judgment (Docket No. 41) argues that Plaintiff (Trustee) released all claims against Defendants. Defendants' fourth motion for summary judgment (Docket No. 43) argues that Plaintiff's theory of damages—deepening insolvency—has been expressly rejected by Utah case law.

A prerequisite to granting relief under Rule 56(f) is an affidavit furnished by the movant.[30] A movant should explain why facts precluding summary judgment cannot be presented, including identifying the facts that are not available, and what steps they have taken to obtain them.[31] A movant should also state with specificity how additional material will rebut the summary judgment motion.[32]

In his Rule 56(f) Motion, Plaintiff generally repeats the allegations of the legal malpractice Complaint.[33] Plaintiff (Trustee) also points out that he has only been partially deposed in this matter, and that no other depositions have taken place. Plaintiff generally asserts that he lacks facts necessary to respond to Defendants' summary judgment motions, and that the absent facts will be acquired during depositions of NSFF officers, directors, managers and employees currently scheduled for April of 2007. With the exception of Defendants' *in pari delicto* argument, underlying Defendants' first summary judgment motion, Plaintiff does not point to, or adequately explain, any currently absent facts that discovery will likely produce as they relate to Defendants' motions.

With respect to Defendants' *in pari delicto* argument, Plaintiff makes several arguments. First, Plaintiff argues that the *in pari delicto* doctrine does not apply if the wrongdoing of parties is "inproportionate [*sic*]," which is a question of fact. Plaintiff next contends that additional discovery is needed, and will likely produce specific facts, to weigh the wrongdoing as between

---

[30]*Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

[31]*See id*.

[32]*Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006).

[33]Plaintiff has submitted an Affidavit in Support of his Motion which is a verbatim repetition of the Rule 56(f) Motion. Docket No. 89.

Defendants and NSFF directors and officers. Finally, Plaintiff contends that such facts would be critical to establish a disputed material issue of fact, which would preclude summary judgment on this issue.

Defendants, in opposing Plaintiff's Motion, generally argue that Plaintiff has not demonstrated how additional time will allow Plaintiff to rebut Defendants' allegations that there are no genuine issues of material fact as to the relevant arguments in the summary judgment motions. Defendants also argue that it should be awarded attorneys' fees in responding to the motion.

The Court finds that Plaintiff has set forth sufficient grounds to continue Defendants' first summary judgment motion, but that he has not done so with respect to Defendants' other summary judgment motions. First, the Court notes that while Plaintiff does not cite authority for the proposition that fault must be equal to apply the *in pari delicto* doctrine, and although the Tenth Circuit has not weighed in on this precise issue, Plaintiff's legal premise—that *in pari delicto* requires a weighing of fault—is supported by case law.[34] Based on this legal premise, the Court finds that Plaintiff has demonstrated that its ability to properly respond to Defendants' *in pari delicto* argument hinges on facts relating to pending discovery. Accordingly, the Court will grant Plaintiff's Motion as it relates to Defendants' first summary judgment motion.

However, the Court also finds that Plaintiff has not stated with specificity how additional material or discovery will rebut Defendants' other summary judgment motions. Moreover, from the arguments made in Defendants' summary judgment motions, this Court cannot see how

---

[34]*See, e.g.*, *Citizens Fin. Group, Inc. v. Citizens Bank of Evans City*, 383 F.3d 110, 129-30 (3rd Cir. 2004); *USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 100 (6th Cir. 1982); *Republic Molding Corp. v. B.W. Photo Util.*, 319 F.2d 347, 349-50 (9th Cir. 1963).

additional discovery would aid Plaintiff in the manner he contends.  Therefore, the Court will deny Plaintiff's Motion as it relates to the remaining summary judgment motions.  Because Plaintiff's Motion will be granted in part, the Court declines to award attorneys' fees to Defendants.

### III.  CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 11, Case No. 2:06-CV-677) is DENIED.  It is further

ORDERED that Defendants' Motion to Withdraw the Bankruptcy Reference (Docket No. 4, Case No. 2:07-CV-55.) is GRANTED.  The Court withdraws the bankruptcy reference only as it relates to the legal malpractice claim.  The Court does not withdraw the bankruptcy reference as it relates to any potential set-off or bankruptcy claim objection relating to the claim.  It is further

ORDERED that Defendants' Motion to Consolidate (Docket No. 65, Case No. 2:06-CV-677) is GRANTED.  The clerk of the court is directed to consolidate Case No. 2:07-CV-55 into Case No. 2:06-CV-677.  All future filings will be made in Case No. 2:06-CV-677, and no filings will be made in Case No. 2:07-CV-55.  It is further

ORDERED that Plaintiff's Rule 56(f) Motion (Docket No. 88, Case No. 2:06-CV-677) is GRANTED IN PART AND DENIED IN PART.  Plaintiff's Motion is GRANTED as it relates to Defendants' First Motion for Summary Judgment (Docket No. 37), but DENIED as it relates to Defendants' other pending summary judgment motions (Docket Nos. 39, 41, 43).  Plaintiff shall have until June 30, 2007 to withdraw its current response to Defendants' First Motion for Summary Judgment (Docket No. 37), and re-file its opposition to the same.

SO ORDERED.

DATED   March 26, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge